425 A.2d 1126

COMMONWEALTH of Pennsylvania

v.

**Ralph LINDER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Feb. 6, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

WICKERSHAM, Judge:

Appellant, Ralph Linder, was convicted by a jury of theft by deception.[1] Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of two to five years. This appeal followed.

The facts may be summarized as follows. On August 20, 1978, between three and four p. m., Dennis Fitzgerald was the attendant at Neely's Sunoco Station in Hatfield Township, Montgomery County, Pennsylvania. He was approached by appellant who identified himself as J. B. Smith and asked to speak to Mr. Neely, the owner of the station.

Mr. Fitzgerald called Mr. Neely on the telephone and handed the receiver to appellant. Appellant spoke with Mr. Neely who agreed to order tires for appellant's truck. Mr. Neely then hung up the telephone, but appellant continued to talk into the receiver about delivering some merchandise to Mr. Neely. Mr. Fitzgerald stood nearby listening. While appearing to still be conversing with Mr. Neely on the phone, appellant told Mr. Fitzgerald to note certain articles and their prices on a credit card receipt and to run the receipt through the credit card machine. Mr. Fitzgerald complied with appellant's orders, and the merchandise which he listed on the credit card receipt totalled $515.00. After appellant finally hung up the receiver, Mr. Fitzgerald paid him $515.00 in cash and appellant promised to return with the merchandise. Appellant never did return.

At approximately five thirty p. m., Mr. Neely arrived at the station. When he learned of the payment made to appellant, he promptly called the police. Mr. Neely testified that he had never authorized such payment. (N.T. of the Trial on March 13, 1979, at 69, 72).

Appellant raises seven assignments of error on appeal.[2]

1. On February 28, 1979, the lower court entered a nolle prosequi to two informations charging appellant with burglary and receiving stolen property. These informations had the same number and term as does the instant offense.

2. "STATEMENT OF QUESTIONS PRESENTED

## I.

Appellant's first contention is that the lower court erred in denying his motion for mistrial based on prosecutorial misconduct. Appellant contends that the assistant district attorney expressed his personal opinion as to appellant's guilt in his opening statement when he commented to the effect that there was no question that appellant took $515.00 from Neely's Sunoco Station.[3]

■ A prosecutor should not express his personal opinion about a defendant's guilt. *Commonwealth v. Evans*, 479 Pa. 100, 102, 387 A.2d 854, 855 (1978). The impropriety of a prosecutor's remark does not, however, always require the

"I. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR MISTRIAL BASED ON PROSECUTORIAL MISCONDUCT WHEN THE DISTRICT ATTORNEY EXPRESSED HIS PERSONAL OPINION AS TO THE GUILT OF THE DEFENDANT IN HIS OPENING STATEMENT?
(Answered in the Negative by the Court Below)
"II. WHETHER THE COURT ERRED IN FAILING TO FIND THE THEFT BY DECEPTION STATUTE (18 PA.S.C.A. § 3922) VOID FOR UNCONSTITUTIONAL VAGUENESS?
(Answered in the Negative by the Court Below)
"III. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO DISMISS ON THE BASIS OF EXCESSIVE DELAY BETWEEN THE TIME OF THE INCIDENT AND THE DATE OF THE ARREST?
(Answered in the Negative by the Court Below)
"IV. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S DEMURRER?
(Answered in the Negative by the Court Below)
"V. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S REQUESTED POINT FOR CHARGE "FALSUS IN UNO, FALSUS IN OMNIBUS?
(Answered in the Negative by the Court Below)
"VI. WHETHER THE COURT ERRED IN GRANTING THE COMMONWEALTH'S REQUEST FOR A CONTINUANCE ON FEBRUARY 8, 1979?
(Answered in the Negative by the Court Below)
"VII. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO SUPPRESS THE IDENTIFICATION?
(Answered in the Negative by the Court Below)"
(Brief for Appellant at 4–5).

3. The Commonwealth argued that the entire opening statement was prefaced with the words: "the Commonwealth's evidence will prove." The opening statement was not transcribed and the lower court could not recall if the statement was so prefaced.

granting of a new trial. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). The Pennsylvania Supreme Court stated in *Stoltzfus*:

> But even where the language of the district attorney is intemperate, uncalled for and improper, a new trial is not necessarily required. *Commonwealth v. Crittenton*, 326 Pa. 25, 31, 191 A. 358 (1937); *Commonwealth v. McHugh*, 187 Pa.Super. 568, 577, 145 A.2d 896 (1958). The language must be such that its "unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). See also *Commonwealth v. Meyers*, 290 Pa. 573, 139 A. 374 (1927). The effect of such remarks depends upon the atmosphere of the trial, *Commonwealth v. Dickerson*, 406 Pa. 102, 110, 176 A.2d 421 (1962); *Commonwealth v. Del Giorno*, 303 Pa. 509, 519, 154 A. 786 (1931), and the proper action to be taken is within the discretion of the trial court. *Commonwealth v. Silvis,* 445 Pa. 235, 237, 284 A.2d 740 (1971); *Commonwealth v. Simon, supra.*

*Id.,* 462 Pa. at 61, 337 A.2d at 882.

■ Having carefully examined the remark of the assistant district attorney, the context in which the challenged statement was made, and the atmosphere of the trial, we conclude that the trial court did not abuse its discretion in refusing to declare a mistrial. We adopt that portion of the lower court's opinion evaluating the effect of the remark on the jury:

> "The effect of the remark depends to a large extent on the atmosphere of the trial as well as the context in which the challenged statement is made. *See, Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975). Immediately after the jury was empaneled and before the opening statement, the court spoke briefly to the jury outlining trial procedures, function of the jury, counsel and the court. The jurors were told expressly that they were the fact finders and that the statements of counsel

were not evidence. Following the denial of the motion for a mistrial, the jury was again instructed to ignore the prosecutor's remarks and to decide the case on the evidence. We are convinced that if any harm was done, it was allayed by that caution."

(Lower Court's Opinion at 3.)

## II.

Appellant's second contention is that the lower court erred in failing to find section 3922 of the Crimes Code unconstitutional.[4] He argues that section 3922 is void for vagueness and, therefore, is violative of due process. We do not agree.

Section 3922, which describes the crime of theft by deception, provides:

**(a) Offense defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

**(b) Exception.**—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

4. It has been suggested in other cases that appellant waived this constitutional issue by not notifying the Attorney General of the Commonwealth in accordance with Pa.R.A.P. 521(a). *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980); *Commonwealth v. Ashford*, 268 Pa.Super. 225, 407 A.2d 1328 (1979). We have, however, decided to dispose of the issue in the interest of judicial economy, and further because the plain wording of Rule 521(a) excludes its effect where the Commonwealth is a party.

Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.
S.A. § 3922.

In *Commonwealth v. DeFrancesco*, 481 Pa. 595, 393 A.2d
321 (1978), the Pennsylvania Supreme Court restated the
standard for determining whether a statute is void for
vagueness:

> The United States Supreme Court, in *Papachristou v.
> City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31
> L.Ed.2d 110 (1972), articulated the standard to be used in
> determining whether a statute is void for vagueness:
>
> " . . . [when] it 'fails to give a person of ordinary intelli-
> gence fair notice that his contemplated conduct is for-
> bidden by the statute,' *United States v. Harriss*, 347
> U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989, and because it
> encourages arbitrary and erratic arrests and convictions.
> *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed.
> 1093; *Herndon v. Lowry*, 301 U.S. 242, 57 S.Ct. 732, 81
> L.Ed. 1066."

*Id.*, 481 Pa. at 607, 393 A.2d at 327.

Section 3922 of the Crimes Code does not violate either of
the above requirements.

■ Section 3922 of the Crimes Code clearly gives a person
of ordinary intelligence notice that it is unlawful for that
person to intentionally create a false impression in the mind
of another and then use the other person's reliance on the
false impression to obtain someone else's property. This
statute does not penalize a person for what is in his mind, as
appellant argues, but rather it punishes a person for his
actions in creating the false impression and thereby obtain-
ing another's property. The phrase "or other state of mind"
was used in subsection (a)(1) of section 3922 because the
legislature recognized that a person could create other po-
tentially harmful false impressions besides ones of law,
value, and intention. We conclude that the first prong of
the test for vagueness is satisfied.

■ The second prong of the test for vagueness requires
the determination of whether section 3922 encourages arbi-

trary and erratic arrests and convictions. This determination "focuses not on the actor's perception of the statutes' wording, but rather on the enforcement method of the police and the court's disposition of the indictment before it." *Commonwealth v. DeFrancesco, supra,* 481 Pa. at 608, 393 A.2d at 328. Having carefully reviewed section 3922, we conclude that the wording of the statute does not encourage the police and the courts to exercise unfettered discretion.

## III.

The third contention raised by appellant is that the lower court erred in denying his motion to dismiss on the basis of excessive delay between the time of the incident and the date of the arrest. The offense was committed on August 20, 1978, and sixty-six days later, on October 25, 1978, appellant was arrested in Bucks County Prison. At the hearing on appellant's motion to dismiss, the Commonwealth presented evidence which showed that the delay principally resulted from the inability of police to locate appellant and their decision to take no further action until fingerprints obtained from the credit card receipt were processed. (N.T. of the Motion Hearing on March 12, 1979, at 15–16, 17–19). Appellant testified that he was incarcerated on another offense from late August, 1978, until the date of arrest, and the arresting officer admitted on cross-examination that appellant was identified from a photographic array as the perpetrator of the offense in August, 1978. (N.T. of the Motion Hearing on March 12, 1979, at 10, 17).

Appellant asserts that the pre-arrest delay was unjustified and prejudiced appellant in mounting an effective defense. We find that the comparatively slight delay period of sixty-six days did not result in any prejudice to appellant and is not sufficient to constitute a denial of due process. *Commonwealth v. DeMarco,* 281 Pa.Super. 62, 421 A.2d 1147 (1980) (A delay period of two and one-half months did not constitute a denial of due process.).

■

## V.

■ Appellant's next contention is that the lower court erred in refusing to read one of appellant's submitted points for charge.[5] It was an instruction to the jury that if the jury believed that any witness had deliberately lied in any material respect it could disregard that witness' testimony. The lower court did give instructions to the jury on the candor and credibility of witnesses in which the court included the following statements:

"Now, let me make clear that you are not bound to accept the testimony of any witness. You may accept it, entirely, or reject it, entirely, or, on the other hand, you may adopt some middle ground, rejecting some and accepting other evidence given by that witness."

(N.T. of the Trial on March 13, 1979, at 114).

We find that the lower court stated the law correctly as to the jury's role in judging a witness' credibility, and, therefore, we conclude that the court committed no error in refusing to give the requested instruction. *Commonwealth v. Sisco,* 484 Pa. 85, 398 A.2d 955 (1979).

## VII.

The final contention raised by appellant is that the lower court erred in denying appellant's motion to suppress Mr. Fitzgerald's out-of-court and in-court identifications of appellant. Appellant alleges that the photographic array shown to Mr. Fitzgerald three days after the crime was unduly suggestive and tainted any in-court identification by Mr. Fitzgerald.[6]

---

**5.** It appears that appellant waived this issue by failing to make a timely specific objection at trial in accordance with Pa.R.Crim.P. 1119(b). *Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978); *Commonwealth v. Moore,* 462 Pa. 231, 340 A.2d 447 (1975). In view of appellant's attempt to preserve the issue at trial, we have, however, reached the issue on its merits. *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969).

**6.** At trial, Mr. Fitzgerald made an in-court identification of appellant (N.T. of the Trial on March 13, 1979, at 48, 54), but no evidence of the out-of-court identification was presented to the jury.

■ The central concern where any identification is offered is whether, under the totality of circumstances, the identification was reliable. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). A pretrial identification will not be set aside unless the facts demonstrate that the identification procedure "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). Factors to be considered in evaluating the likelihood of misidentification include the witness' opportunity to observe at the time of the incident, the certainty of identification, and the length of time between the crime and the identification procedure. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ We agree with the lower court that the photographic array used in this case was free from impermissible suggestiveness:

> "Linder's photograph was one among eight middle aged black males all bald or balding and all with facial hair. No suggestions were made to the identifying witness and the display was made only three days after the crime. Defendant complains that one of the others has his eyes closed and that some of the other photos were exposed to more light. How this focuses attention on the defendant eludes us."

(Lower Court's Opinion at 7–8).

We also find that under the totality of the circumstances, Mr. Fitzgerald's identification of appellant as the perpetrator of the theft was reliable. The offense occurred in the late afternoon on a sunny day when the lighting conditions in the station were good. (N.T. of the Suppression Hearing on February 28, 1979, at 45). Mr. Fitzgerald and appellant were together for fifteen to twenty minutes, and Mr. Fitzgerald was able to closely observe appellant. (N.T. of the Suppression Hearing on February 28, 1979, at 45, 52–59). On the date of the offense, Mr. Fitzgerald gave a detailed description of the offender to the police, and three days

later, he quickly identified appellant from the photographic array. (N.T. of the Suppression Hearing on February 28, 1979, at 16–17, 21, 69–70). In view of these facts and the unsuggestive photographic array, we conclude that the lower court properly refused to suppress the identifications in this case. *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979).

### IV and VI

We have carefully reviewed the briefs and the record as relates to the fourth and sixth assignments of error raised by appellant and we find no merit in either.

Judgment of sentence is affirmed.