446 A.2d 1311

**COMMONWEALTH of Pennsylvania**

v.

**Glenn Lee JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 14, 1981.

Filed June 18, 1982.

Affirmed in Part and Vacated in Part Dec. 16, 1982.

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

WIEAND, Judge:

Glenn Lee Johnson was tried by jury and convicted of rape [1] and indecent assault.[2] Post-verdict motions were denied and Johnson was sentenced to imprisonment for a period of not less than five (5) nor more than ten (10) years. On direct appeal he argues (1) that pre-trial identification procedures were unduly suggestive and that the victim's identification testimony, therefore, should have been suppressed; and (2) that the trial court erred by refusing to permit impeachment of the complaining witness by evidence of an arrest for shoplifting. We find no merit in these arguments and, accordingly, affirm the judgment of sentence.

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3126.

The charges against Johnson arose out of an incident which occurred on October 12, 1978, in a dormitory on the campus of the University of Pittsburgh. At approximately 3:30 P.M. on that day, Carmyn Taylor, a student, was assaulted while washing her hands in a woman's restroom. Her assailant grabbed her, pushed her against the wall, and removed her jeans and underwear. He fondled her breasts and engaged in sexual intercourse while she was pinned against the wall. The sexual act lasted approximately ten minutes during which the rapist compelled the victim to look into his face.

That same evening, Ms. Taylor was shown twenty photographs of persons who were known sexual offenders and who approximated the description which she had given to the police. Without any prompting she selected photographs of three persons whose appearances were similar to that of her assailant. On the following day, she was shown the same photographs and again selected the same three. Included in her selections was a photograph of appellant. On October 15, she observed her attacker while he was standing on a street corner several blocks from the dormitory. Thereafter, she selected appellant's photograph specifically and positively identified him as the person who had raped her.

"The central concern where any identification is offered is whether, under the totality of circumstances, the identification was reliable. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). A pretrial identification will not be set aside unless the facts demonstrate that the identification procedure 'was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968)." *Commonwealth v. Linder*, 284 Pa.Super. 327, 337, 425 A.2d 1126, 1131 (1981). "[S]uggestiveness ... is only one factor to be considered in determining the admissibility of identification testimony. Suggestiveness alone does not warrant exclusion. Instead '[i]t is the likelihood of misidentification which violates a defendant's right to due proc-

ess. . . .' " *Commonwealth v. Ransome*, 485 Pa. 490, 495, 402 A.2d 1379, 1382 (1979), quoting from *Commonwealth v. Sexton*, 485 Pa. 17, 22, 400 A.2d 1289, 1291 (1979). Factors to be considered in evaluating the likelihood of misidentification in a particular instance are:

> . . . the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Manson v. Brathwaite, supra*, 432 U.S. at 114, 97 S.Ct. at 2253, 53 L.Ed.2d at 154. *See also Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).

Although *Manson v. Brathwaite, supra*, involved an allegedly suggestive confrontation, the factors to be considered in evaluating an alleged due process denial resulting from a photographic identification procedure are the same. *Commonwealth v. Fowler*, 466 Pa. 198, 207, 352 A.2d 17, 21 (1976).

Under the circumstances present in this case, it is clear that there was neither undue suggestiveness nor any danger of misidentification that required suppression of the victim's identification of appellant.

During the course of being raped, Ms. Taylor had an opportunity to observe appellant at close range and in good lighting for a period of at least ten minutes. During that period appellant repeatedly turned her face toward him. Following the attack but prior to examining any photographs, the victim provided police with a detailed description of her assailant. This description closely resembled the actual appearance of appellant. At no time did she fail to include appellant in her selection of photographs, and she became certain after she saw her assailant again while he was standing on a corner near the dormitory. Any suggestiveness inherent in a repeated photographic show-up, therefore, was inconsequential. It did not unduly emphasize

appellant's likeness and did not create a danger of misidentification. The trial court properly refused to suppress the victim's identification testimony.

■ Appellant's final contention is that the trial court erred in refusing impeachment of the victim by evidence concerning a prior conviction for the summary offense of retail theft. However, the record disclosed only that the victim had been arrested on such a charge; it does not show a conviction. "We have long held that prior bad acts not resulting in a conviction are not admissible to impeach a witness' credibility. Thus, the fact of a prior arrest cannot be used to challenge credibility." *Commonwealth v. Katchmer*, 453 Pa. 461, 464, 309 A.2d 591, 593 (1973). *See also Commonwealth v. Burton*, 491 Pa. 13, 19, 417 A.2d 611, 614 (1980) (prior criminal acts not resulting in a conviction are not admissible to impeach a witness' credibility); *Commonwealth v. Ross*, 434 Pa. 167, 170, 252 A.2d 661, 662 (1969). The rationale for such a distinction, of course, is the vast difference between mere accusation and the conclusive determination of guilt by conviction. Where, as here, there was no evidence of a conviction, the trial court did not err by refusing to allow cross-examination or direct evidence to show that such a charge had been made.

The judgment of sentence is affirmed.