457 A.2d 118

**COMMONWEALTH of Pennsylvania**

v.

**Victor CORNISH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 2, 1982.

Filed March 4, 1983.

Michael H. Van Buskirk, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

HESTER, Judge:

The appellant, Victor S. Cornish, was charged with Burglary, Criminal Trespass, Possessing an Instrument of Crime, and Attempted Theft by Unlawful Taking or Disposition on December 1, 1978. Appellant failed to appear at his preliminary hearing on December 6, 1978; consequently, a bench warrant was issued for his arrest. On March 14, 1980, the appellant was arrested and the bench warrant was withdrawn.

On May 15, 1980, the Commonwealth filed a Petition to Extend the trial run-date pursuant to Pa.R.Crim.P. 1100(c). This petition was granted and the time for commencement of trial was extended to September 6, 1980. On July 16, 1980, the Commonwealth filed a second Petition to Extend. This too was granted and trial was further extended to October 15, 1980.

Trial actually commenced on September 17, 1980; following a bench proceeding, the appellant was found guilty of all charges. Post trial motions were filed and denied. On November 18, 1980, the appellant was sentenced to two concurrent terms of imprisonment of two (2) to five (5) years on the Possessing an Instrument of Crime, Burglary, and Attempted Theft bills. A suspended sentence was issued on the Criminal Trespass bill. This appeal from the Judgment of Sentence followed.

With the criminal complaint being filed December 1, 1978, the mechanical run date of 180 days was May 30, 1979. The actual trial did not commence until the passage of 655 days from the filing of the complaint. Rule 1100(c)(1) empowers the prosecution with the right to apply to the court for an order extending the time for commencement of trial; however, in addition to setting forth and proving the facts in support of an extension, the Commonwealth must file said application prior to the expiration of the original period for the commencement of trial. The Commonwealth filed its application eleven and one-half months following the 180-day mechanical run date; therefore, unless enough time is excluded from the period lapsing between the filing of the complaint and the filing of the first application to extend, Rule 1100 was violated and the appellant should be discharged.

Pa.R.Crim.P. 1100(d)(3)(i) excludes that period of delay resulting from the unavailability of the defendant or his attorney. The Commonwealth maintains that the appellant was unavailable for the period commencing with his failure to appear for his preliminary hearing on December 6, 1978 and terminating with his apprehension on unrelated charges on March 14, 1980. If the Commonwealth's position is correct, the exclusion of this period of 464 days would render not only their application to extend but the actual commencement of trial in conformity with the 180-day mandate. Conversely, the appellant maintains that this 464 day period is not properly excluded due to the fact that the Commonwealth did not prove that a subpoena was duly served upon the appellant notifying him of his preliminary hearing date. The appellant concedes, however, that at the Rule 1100 hearing on July 19, 1980, the Commonwealth produced a bail document signed by him on the day of arrest and reflecting the preliminary hearing date. We primarily concern ourselves, then, with whether the appellant received proper notice of the December 6, 1978 preliminary hearing date.

■ Pa.R.Crim.P. 309(b)(1) makes reference to the *manner* of service; however, no guidelines for the *form* of notice to appear for a preliminary hearing are provided:

   (b) Except as otherwise provided in these rules, any notice, paper or document for which service is required, may be served:

   (1) by handing a copy personally to counsel or defendant;

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the United States Supreme Court considered what form of service is required to meet the due process of law mandate. Instead of upholding specific forms and manners of service and denigrating others, the *Mullane* court viewed the impending circumstances determinative of valid or invalid service of process. Accordingly, the *Mullane* court made the following observations:

   "... an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id., 339 U.S. at 314, 70 S.Ct. at 657.

   The notice must be of such nature as reasonably to convey required information, and it must afford reasonable time for those interested to make their appearance. Id., 339 U.S. at 314, 70 S.Ct. at 657.

   The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes. Id., 339 U.S. at 315, 70 S.Ct. at 657–58.

In light of the approach taken in *Mullane,* supra, it is unimportant in itself whether the notice takes the form of personal service, general publication, oral notification, or

regular or certified mail. Any notice, regardless of form, may satisfy due process of law. Indeed, decisional law bears evidence to this maxim. See *Commonwealth v. Williams,* 299 Pa.Super. 226, 445 A.2d 537 (1982); *Commonwealth v. Snyder,* 280 Pa.Super. 127, 421 A.2d 438 (1980); *Commonwealth v. Bundridge,* 268 Pa.Super. 1, 407 A.2d 406 (1979); *Mullane v. Central Hanover Bank & Trust Co.,* supra.

■ Appellant's bail certificate contains the date and location of the preliminary hearing. It alone meets the "circumstances" test of *Mullane,* supra, in that it informed the appellant of the pending criminal proceedings; it allowed him to prepare for and raise arguments at the preliminary hearing; and, it was not substantially less likely to notify than a subpoena. Although some doubt remains as to whether the appellant actually received a copy of the bail certificate, inasmuch as it was signed by "Robert Cornish" as surety, the appellant does not deny receipt of the bail certificate or, for that matter, notice of the preliminary hearing date. Appellant's only objection here concerns the form of notice and we heretofore find that to raise an irrelevant issue. Furthermore, notice to his surety satisfies *Mullane* standards. We note further that, at the sentencing proceeding, the appellant does not deny, in his reply to a court inquiry, the receipt of notice:

Q. Well, I don't think you reported since December of '78.

A. Yes, at the time when I didn't come for the hearing the parole officer called me up and told me to come in. I said okay. He said bring your bail papers. I'm going to have to lock you up. I couldn't force myself to go in. I wanted to several times. As a matter of fact, I went into my probation warrant (sic) after that because I was then negligent in reporting to the probation department and—. N.T. November 18, 1980, pp. 19–20.

Appellant's reply can be construed to constitute an admission; it certainly does not advance his burden on appeal.

■ Having found adequate notice of the preliminary hearing, the entire 464 day period running its course between December 6, 1978 and March 14, 1980 is properly excluded from the 180-day calculation. The appellant accepted the terms of bail and was therefore responsible for appearing at the next scheduled proceeding. His willful failure to do so affords him no speedy trial protection under Rule 1100. See *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

■ Appellant also claims that he did not receive notice of the Rule 1100 extension hearing on July 10, 1980, thereby denying him the right to argue his ignorance of the preliminary hearing on December 6, 1978. The court file contains a subpoena setting forth the date, time and place of the Rule 1100 hearing. Moreover, the appellant signed the subpoena in acknowledgement of having received notice.

■ It should be further noted that appellant was represented by court-appointed counsel at the Rule 1100 hearing. His absence then becomes inconsequential so long as he was properly represented. See *Commonwealth v. Taylor*, 473 Pa. 400, 374 A.2d 1274 (1977).

Judgment of sentence affirmed.