542 A.2d 95

**COMMONWEALTH of Pennsylvania**

v.

**Craig A. SNYDER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 2, 1987.

Filed April 11, 1988.

Reargument Denied June 10, 1988.

Ronald C. Travis, Williamsport, for appellant.

Amy L. Hallenbeck, Assistant District Attorney, Montoursville, for Com.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

This case involves an interpretation of Paragraph (d)(3)(i) of Rule 1100. Prompt Trial, Pa.R.Crim.P., which requires that periods of delay resulting from the unavailability of the defendant shall be excluded in determining the period for commencement of trial. We are asked to decide whether attempts by the defendant to qualify for Accelerated Rehabilitative Disposition (ARD), involving contacts with the attorney for the Commonwealth, would operate to overcome the "unavailability" of the defendant resulting from an

outstanding bench warrant issued for failure to appear at a scheduled arraignment. We conclude that such preliminary contacts do not render the defendant "available" under Rule 1100(d)(3)(i), and therefore affirm the judgment of sentence.

The Honorable Thomas C. Raup conducted a non-jury trial on a case stated basis in May, 1987. The judge found Craig A. Snyder, Defendant, guilty of driving under the influence of alcohol (D.U.I.), failure to stop at a stop sign, reckless driving, and disorderly conduct. The reason advanced for proceeding on a case-stated basis was to preserve the issue of Defendant's right to dismissal of the charges based upon the Commonwealth's alleged violation of Rule 1100. Judge Raup sentenced the Defendant to a term of forty-eight hours to one year at the Lycoming County Prison on the D.U.I. conviction, together with a $700 fine. Defendant received a concurrent sentence of one years' probation on the disorderly conduct conviction, with a special condition of that probation being a $300 fine. The Sentencing Order dated June 5, 1987 and filed June 10, 1987 is silent as to the disposition of the convictions on failure to stop at a stop sign and reckless driving.

The sole issue presented on this appeal is whether the court erred in denying Defendant's oral motion, submitted at the conclusion of the case-stated non-jury trial, in the nature of a motion in arrest of judgment asserting the Rule 1100 issue.

From our review of the record, including the Transcript of Proceedings of March 13, 1987 (Hearing on Defendant's Motion to Dismiss Under Rule 1100) the following facts emerge. Following Defendant's arrest on December 2, 1985, a written complaint was filed on December 4th and a preliminary hearing was scheduled before a district justice in Jersey Shore, Lycoming County. Before the scheduled hearing date, the Defendant appeared before the district justice, waived his right to a preliminary hearing, received a written notice of his arraignment scheduled for January 27,

1985 in the Lycoming County Court of Common Pleas, and was released on his own recognizance.

On or before January 2, 1986, Defendant appeared in his attorney's office and signed an Entry of Appearance and Waiver of Arraignment form. The form was not then filed. On January 27, 1986, the case was called in court and the Defendant did not appear. At the Commonwealth's request, a bench warrant was issued the same day. Nearly six months later, while the bench warrant was still outstanding, Defendant's counsel filed the Entry of Appearance and Waiver of Arraignment form with the Clerk of Court's office on July 16, 1986. The record does not reflect any service of a copy of the form on the Office of the District Attorney at any time.

The bench warrant was served on the Defendant on January 6, 1987. The same day, the Defendant was brought before the issuing judge who determined that "the error is on the part of Defense Counsel for not having appropriately filed a waiver of arraignment." The issuing judge released the Defendant under the previously filed recognizance bond, to appear before the court as directed for purposes of further hearings.

Two days later, defense counsel filed a Rule 1100 motion which was denied on March 13, 1987, following the oral presentation of certain stipulated facts and documents. *See* Transcript of Proceedings, March 13, 1987.

The case-stated non-jury trial was thereafter promptly held on May 5, 1987 resulting in a guilty verdict.

At the March 13, 1987 hearing on the Rule 1100 motion to dismiss, the following facts were presented to the court, being theretofore outside the official court records. On January 2, 1986, defense counsel wrote to the District Attorney, indicating his representation of the Defendant and enclosing an A.R.D. application. On January 13, 1986, the District Attorney's office wrote to the West Branch Drug and Alcohol Center, requesting that the Center contact Defendant to arrange for certain testing in connection

with the A.R.D. application. The Center contacted Defendant and the testing was accomplished on January 29, 1986.

Following receipt of the results of the Court Reporter's Network (CRN) examination, the District Attorney's office wrote to Defendant on February 25, 1986, informing him that he was being denied access to the A.R.D. Program. The stipulation of March 13, 1987, as orally presented by defense counsel, indicates that subsequent to Defendant receiving notice of his denial for A.R.D. sometime around February 25, 1986, nothing was done with regard to the case until January 6, 1987, when Defendant was seized pursuant to the bench warrant.

We begin our analysis by setting forth the pertinent subsection of Rule 1100, as it was in effect at all times material herein:[1]

**Rule 1100.  Prompt Trial**

(a) ....

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed

....

(d) In determining the period of commencement of trial, there shall be excluded therefrom:

....

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

The mechanical run date, were no time chargeable to Defendant, would have been June 2, 1986.  Defendant was not brought to trial until May 5, 1987.

---

1.  By order of December 31, 1987, effective immediately, our Supreme Court amended Rule 1100, extending the period during which to bring to trial a defendant at liberty on bail to 365 days, while preserving the 180-day rule found in Rule 1100(a)(2) for incarcerated defendants. We here apply the Rule in effect on March 13, 1987, the date of the hearing on the motion to dismiss.

At the preliminary hearing in the case now before us, Defendant was provided with a written notice of arraignment, scheduled for January 27, 1986. There is no dispute that he was aware of the date and place of arraignment. Upon his failure to appear, with absolutely nothing of record to explain his non-appearance, the court properly issued a bench warrant at the Commonwealth's request. Defendant was subsequently apprehended on January 6, 1987 on the bench warrant issued January 27, 1986.

We believe this case is controlled by our Supreme Court's pronouncement in *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978). In *Cohen*, the defendants had been held for action of the grand jury and subsequently indicted. On the indictment day, the defendants failed to appear for arraignment and a bench warrant was issued for their arrest. Twenty days later, the defendants appeared in court, were purged of contempt, arraigned and released pending trial. A petition for extension of time under Rule 1100(c) was filed 192 days after the filing of complaints. Both the trial court and this court found the petition to have been untimely filed, which would have resulted in the dismissal of the charges. On the Commonwealth's appeal from this court's affirmance of the order granting the motion to dismiss, our Supreme Court vacated the order dismissing the charges and remanded the cause for the limited purpose of determining whether the defendants had received proper notice of the arraignment.

In vacating the order of the trial court, our Supreme Court took issue with the trial court's analysis which was based upon the Commonwealth's perceived obligation to demonstrate due diligence. The *Cohen* court stated that the due diligence analysis failed to consider the responsibility of a defendant who has been admitted to bail. After setting forth the conditions of bail as set forth in Pa.R. Crim.P. 4013 (in effect at that time), the court said:

Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any

court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

*Commonwealth v. Cohen*, 481 Pa. at 354, 392 A.2d at 1330. (emphasis in original).

Our Supreme Court in *Cohen* went on to declare:

Where ... the accused is aware of his obligation to appear and fails to do so, he may legitimately be held accountable for any resultant delay.... Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis. To rule otherwise would permit a defendant who intentionally absented himself from a scheduled court hearing to have the charges against him dismissed if the Commonwealth's efforts to locate him did not measure up to a court's standard of due diligence. Such a result is obviously absurd.

We therefore hold that a defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. In such a case the Commonwealth is entitled to an exclusion of this period under section (d)(1) [now, (d)(3)(i)] without the requirement of a showing of its efforts to apprehend the defendant during the period of his absence.

*Id.*, 481 Pa. at 355–356, 392 A.2d at 1331.

This general rule, as established in *Cohen*, has been followed or cited in numerous cases. *See, e.g., Common-*

*wealth v. Morgan*, 484 Pa. 117, 121, 398 A.2d 972, 973 (1979); *Commonwealth v. Brown*, 351 Pa.Super. 119, 124, 505 A.2d 295, 297 (1986); *Commonwealth v. Byrd*, 325 Pa.Super. 325, 329, 472 A.2d 1141, 1143–44 (1984); *Commonwealth v. Colon*, 317 Pa.Super. 412, 421, 464 A.2d 388, 392–93 (1983); *Commonwealth v. Williams*, 299 Pa.Super. 226, 231, 445 A.2d 537, 539 (1982); *Commonwealth v. Bedsaul*, 298 Pa.Super. 174, 176, 444 A.2d 717, 718 (1982); *Commonwealth v. Snyder*, 280 Pa.Super. 127, 131, 421 A.2d 438, 440 (1980); *Commonwealth v. Mizic*, 274 Pa.Super. 331, 336, 418 A.2d 432, 433–34 (1980); *Commonwealth v. McCulley*, 270 Pa.Super. 115, 119, 410 A.2d 1276, 1278 (1979).

■ Defendant urges us, on this appeal, to find that his failure to appear for court arraignment was not a "willful failure" as emphasized by the *Cohen* court, because he was living at the address contained in the file of the District Attorney and was physically available to go to trial. We refuse to conclude, on the record before us, that Defendant's non-appearance at the scheduled arraignment was anything other than intentional.

Counsel for Defendant alleges in the Brief for Appellant that Defendant's failure to appear when scheduled resulted from advice by counsel that "the filing of the Waiver of Arraignment form precluded him having to appear at the courthouse on January 27, 1986." This is not contained in any of the facts stipulated by the parties, and we decline to consider that. Even if this were the case, the fact of record that the waiver was not filed until long after the scheduled arraignment renders such advice meaningless. We learn from Justice Papadakos' Opinion of the Court in *Commonwealth v. Wells*, 513 Pa. 463, 469, 521 A.2d 1388, 1391 (1987) that strategic or tactical decisions made by defense counsel on behalf of the client are imputed to the defendant who is bound thereby. Although we are here faced with a claimed inadvertence, we feel the same rule should apply.

Defense counsel did not enter any appearance until July 16, 1986, about six months after the arraignment date and

590

the issuance of the bench warrant. Pa.R.Crim.P. 302(a) provides:

**Rule 302. Attorneys—Appearances and Withdrawals**
(a) Counsel for defendant *shall* enter an appearance *in writing with the clerk of courts promptly after being retained* or appointed *and serve a copy thereof on the attorney for the Commonwealth.* If a firm name is entered, the name of an individual lawyer shall be designated as being responsible for the conduct of the case. *Counsel shall not be permitted to represent a defendant following a preliminary hearing unless an appearance is entered.* (emphasis supplied).

We may take judicial notice of the fact that the trial docket is controlled by the court of common pleas, and not by the district attorney. Thus, steps taken to advance the prosecution of Defendant's case emanate from the action of the court's clerks and not, in the first instance, action by the district attorney.

In the same vein, the provisions of Rule 4013 relating to conditions of bail require the defendant to appear *before the issuing authority or the court* at all times required, and to submit to all orders and process *of the issuing authority or the court.* We find no exception in the Rule permitting a defendant to not appear, simply because informal contacts are ensuing between the defendant and the district attorney.

Our refusal to find a non-willful failure in the case before us is strengthened, we believe, by this court's holding in *Commonwealth v. Colon, supra.* There, the defendant's failure to appear for trial resulted from his incarceration following violation of probation on unrelated charges. We there held that the defendant was unavailable within the meaning of Rule 1100(d) and, based upon the failure to comply with the notice obligation of Rule 4013 permitted the exclusion of time, attributing the responsibility to the defendant.

Finding Defendant was unavailable provides only one of the prerequisites for an exclusion under rule 1100(d)(3). It

is necessary to also find that the period of delay "results from" the unavailability of the defendant. *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972, 973–75 (1979); *Commonwealth v. Gorham*, 341 Pa.Super. 499, 504, 491 A.2d 1368, 1370–71 (1985).

Here, the issuance of the bench warrant came about through Defendant's failure to either appear or provide the court with any reason for his non-appearance. Pa.R. Crim.P. 4013(a). As stipulated by defense counsel, nothing was done by Defendant with regard to the case between receipt of his denial of access to the A.R.D. Program, on or about February 25, 1986, and his being taken into custody on January 6, 1987. Nothing on the record explains why Defendant took no steps to even inquire as to the status of his case during that period. The record is also silent as to any action taken by defense counsel other than the docket filing of the Entry of Appearance and Waiver of Arraignment form in July 1986. We are not prepared to assume that the mere filing of an entry of appearance and waiver of arraignment form some six months following the issuance of a bench warrant is sufficient, by itself, to place the responsible calendar control officials on notice concerning either the whereabouts or availability of the defendant. We are constrained to conclude, therefore, that the entire period of time between Defendant's failure to appear and his subsequent apprehension on an outstanding bench warrant is a period of delay resulting directly from Defendant's failure to appear.

Our analysis here is based upon a procedural rule properly promulgated by our Supreme Court. Defendant has not argued, and we do not consider, any deprivation of an underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution or Article 1, Section 9 of the Pennsylvania Constitution. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). It is clear that defense counsel's failure to timely file his entry of appearance and waiver of arraignment had nothing to do with Defendant securing a fair trial, which in this case

proceeded on a case stated basis. Nor do we find any fundamental unfairness where, as here, Defendant remained released on his own recognizance throughout these proceedings and, as far as the record reflects, remains on bail at this writing.

Rule 1100 should not be utilized to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth. *Commonwealth v. Genovese*, 493 Pa. 65, 70, 425 A.2d 367, 370 (1981). The rule which we apply here, holding Defendant accountable for the delay resulting from his failure to appear at arraignment, is, we believe, well settled law in this Commonwealth. When we exclude the period from Defendant's failure to appear at the proceeding, of which he was properly notified, to the time of his subsequent apprehension on an outstanding bench warrant, we readily conclude that Defendant's trial commenced well within the time limitations set forth in Rule 1100(a)(2).

We find no error in the trial court's denial of the motion in arrest of judgment. Judgment of sentence is affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I dissent from the majority's position that the entire period of time between Defendant's failure to appear and his subsequent apprehension on an outstanding bench warrant, is a period of delay resulting from the unavailability of Appellant and is therefore excludable in determining the period for commencement of trial.

Defense counsel sent the District Attorney (D.A.) of Lycoming County a letter dated January 2, 1986, indicating his representation of Appellant. In this letter he enclosed Appellant's application for ARD. The D.A., in response to that letter, scheduled Appellant for a CRN test on January 29, 1986, and notified Appellant of that appointment through a letter addressed by the D.A. to Appellant at his home address on January 13, 1986. The CRN examination

was taken by Snyder on January 29, 1986, and the results were received by the D.A. on February 14, 1986. On February 25, 1986, the D.A.'s office sent Appellant a letter to his home address indicating that he had been denied access to the ARD Program, and indicating that his case would proceed in the normal manner.

On January 8, 1987, counsel for Appellant filed a Motion to Dismiss the criminal charges on the basis that Rule 1100 of Pa.R.Crim.P. had been violated. The foundation of his argument was, and continues to be in this appeal, that his failure to appear for a court arraignment on January 27, 1986 was not a "willful failure," and in light of the information available to the D.A.'s office concerning his whereabouts, he cannot be considered to have been "unavailable" for the purpose of excluding a sufficient period of time to find that Rule 1100 has been adhered to.

I have no quarrel with The Majority's presentation of the facts. The trial court opinion referred to this factual setting as:

> one of those "gray area" Rule 1100 issues which require the Court to decide whether the charges should be dismissed when there has been a lack of care on the part of the Commonwealth in ascertaining the whereabouts of the defendant and in processing the charges, but where there has been no actual misconduct by the District Attorney having the purpose of evading the provisions of Rule 1100.

(T.C. at 2). The trial court cited *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983) in support of its decision which is a progeny of the line of cases evolving from our Supreme Court's decision in *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978). Unlike the Majority, I find the facts herein to be distinguishable from those representative of the controlling law and accordingly I would hold that Rule 1100 has been violated and the charges against Appellant should be dismissed.

The rationale expressed in *Cohen* is relevant to the issue confronting us.

Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. [See also Pa.R. Crim.P. 4013(c) ].[1] To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the *defendant's willful failure to appear at the appointed time* it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

*Commonwealth v. Cohen*, 392 A.2d at 1330–31. The key phrase in the above citation is the defendant's willful act in dereliction of a serious societal duty after having been subjected to the process of court. See *Commonwealth v. Taylor*, 340 Pa.Super. 87, 489 A.2d 853 (1985) (defendant unavailable from time he escaped from prison until his subsequent apprehension due to willfulness of act); *Commonwealth v. Colon*, 317 Pa.Super. 412, 464 A.2d 388 (1983) (defendant found unavailable for period of 16 days, during which he was in jail in same county, having failed to notify Commonwealth of his change of address upon being incarcerated in violation of Rule 4013(c)); *Commonwealth v. Blackwell*, 312 Pa.Super. 117, 458 A.2d 541 (1983) (defendant's failure to notify Court of new address was a "willful failure" and he was "unavailable" pursuant to Rule 1100); *Commonwealth v. Williams*, 299 Pa.Super. 226, 445 A.2d 537 (1982) (defendant's obligation to appear for trial did not

1. Rule 4013(c) mandates that the conditions of bail bond shall provide that the appellant will give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change.

change when he was incarcerated and failed to notify Commonwealth of his change of address).

Appellant Snyder's failure to appear at his arraignment cannot be deemed a "willful failure" or a deliberate abuse of the system, but rather was due to the failure of his defense counsel to timely file the arraignment waiver. Unlike the defendants in the above noted cases, Snyder never intentionally tried to evade the proceedings, and in fact was actively cooperating with the D.A.'s office in the hope of being admitted to ARD. The trial court acknowledged this fact in its January 6, 1987 Order when it again released Appellant on bail.

If Appellant was to be considered a fugitive at all, at best it could only have been for the period of time between January 27, 1986 and January 29, 1986. Once Appellant appeared at the CRN test as directed by the D.A., it is obvious that the D.A. was aware of his location and the fact that he was available. Furthermore, the D.A. mailed Appellant notification of his rejection from the ARD program at his home address, indicating that his case would proceed in the normal manner. The facts clearly establish that the D.A. had information showing that the office was able to successfully communicate with Appellant at the address listed on the criminal charges long before the 180 day time period expired. A question also arises as to why the bench warrant was not served on Appellant after it was issued on January 27, 1986.

Interpreting Rule 1100 necessitates a balancing of certain interests, namely the protection of the accused's speedy trial rights and the protection of society. *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981). "The goals of efficiency and ease of administration which Rule 1100 serves are worthy; they should not be exalted at the expense of justice. Thus, in interpreting our Rule 1100, we must throw away the stopwatch and pick up the scales of justice." *Commonwealth v. Crowley*, 502 Pa. 393, 402, 466 A.2d 1009, 1014 (1983).

In applying this philosophy to the case sub judice, appellant's rights to a speedy trial were clearly violated. The Commonwealth should not be permitted to use the Rule as a sword to mitigate its less than reasonable behavior herein. To hold otherwise, would violate the spirit of Rule 1100.

In my opinion the judgment of sentence should be reversed and Appellant discharged.