COMMONWEALTH of Pennsylvania,
Appellant

v.

Scott D. BAIRD, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 6, 2006.

Filed Feb. 28, 2007.

Peter G. Flanigan, Assistant District Attorney, for Commonwealth, appellant.

Michael J. DeRiso, Monroeville, for appellee.

BEFORE: FORD ELLIOTT, P.J, HUDOCK, JOYCE, STEVENS, MUSMANNO, KLEIN, BENDER, McCAFFERY, and PANELLA, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the order that dismissed the criminal charges brought against Scott D. Baird, Appellee, on the basis that the Commonwealth had failed to bring Appellee to trial within the 365–day time period specified in Pa.R.Crim.P. 600. Specifically, the Commonwealth asks us to determine whether the trial court erred in including within the 365–day period the time between the date of Appellee's scheduled arraignment, at which he did not appear, and the date of the ultimate apprehension of Appellee some fourteen months later. Because we conclude that the trial court did err in determining that Appellee had insufficient notice of the date of the arraignment, we reverse and remand for further proceedings.

¶ 2 The pertinent factual and procedural background of this matter is as follows.

On February 27, 2003, Appellee was charged with burglary, robbery and resisting arrest in connection with an incident at a beer distributor in Westmoreland County, and he was subsequently released on bail. On March 11, 2003, Appellee's counsel, Kevin Zinski, Esquire, waived Appellee's preliminary hearing and signed the notice of arraignment, scheduled for April 25, 2003. However, Mr. Zinski never advised Appellee, who had not been present at the waived preliminary hearing, of the date of the arraignment, and neither Mr. Zinski nor Appellee appeared at the arraignment. As a result of Appellee's failure to appear at the arraignment, the trial court issued a bench warrant for Appellee's arrest. On June 21, 2004, Appellee was stopped for a motor vehicle violation in Allegheny County and was arrested on the basis of the outstanding Westmoreland County warrant. The trial court vacated the warrant on the following day, and Appellee was once again released from custody on bail.

¶ 3 After several defense-requested continuances due to the unavailability of counsel, trial was scheduled for April 4, 2005. On February 15, 2005, Appellee filed a motion to dismiss based on the Commonwealth's failure to bring Appellee to trial within 365 days after his arrest, pursuant to Pa.R.Crim.P. 600. After conducting an evidentiary hearing on the Rule 600 motion, the trial court granted the motion and dismissed the charges. The Commonwealth filed this timely appeal, raising the following two issues for our review:

I. Whether [Appellee] had been afforded reasonable notice of his formal arraignment date (thereby rendering him unavailable for the purposes of Rule 600) when his attorney signed the official court arraignment form and subsequently neglected to advise [Appellee] of the date?

II. Whether the granting of a request for a bench warrant of arrest and the entry of the warrant into the statewide "CLEAN" system constitutes due diligence by the Commonwealth in its effort to bring [Appellee] to trial?

(Commonwealth's Brief at 4).[1]

 ¶ 4 Our review of challenges to Rule 600 rulings is guided by the following principles:

Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Malgieri,* 889 A.2d 604, 606 (Pa.Super.2005).[2]

 ¶ 5 As a general rule, the Commonwealth is required to bring a defendant on bail to trial within 365 days of the date the complaint was filed. Pa.R.Crim.P. 600(A)(3); *Commonwealth v. Hyland,* 875 A.2d 1175, 1189 (Pa.Super.2005), *appeal denied,* 586 Pa. 723, 890 A.2d 1057 (2005). However, in determining the period within which trial must commence, any period of delay that results from the unavailability of the defendant or his attorney or from any continuance granted at the request of the defendant or his attorney is excludable. Pa.R.Crim.P. 600(C)(3); *Hyland, supra* at 1189–90. A defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is deemed unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself. *Commonwealth v. Cohen,* 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978); *Commonwealth v. Vesel,* 751 A.2d 676, 680 (Pa.Super.2000).

 ¶ 6 Notice of an upcoming court date to someone other than the defendant may constitute proper notification of the date to the defendant. *See Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111, 1116 (1983) (holding that where defense counsel requested a continuance, oral notice to defense counsel of new trial date sufficed as proper notification to defendant of new trial date); *Commonwealth v. Cornish,* 311 Pa.Super. 72, 457 A.2d 118, 121 (1983) (stating that notice of a preliminary hearing contained on a bail certificate signed by defendant's surety was adequate notice of the hearing to the defendant). Further, where a defendant fails to appear, upon the advice of counsel, at a scheduled hearing of which he has been properly notified, counsel's subsequent claimed inadvertent failure to file a waiver

---

1. Based upon our resolution of the Commonwealth's first issue, we do not reach the merits of the second issue.

2. We are mindful that Rule 600 serves a dual purpose. The first is to protect the rights of the accused to a speedy trial; the second is to protect society. As a panel of this court has recently observed:

 So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. **Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.**

 *Commonwealth v. Murray,* 879 A.2d 309, 312–13 (Pa.Super.2005) (quotation and citation omitted; emphasis supplied).

of arraignment form is imputed to the defendant. *Commonwealth v. Snyder,* 373 Pa.Super. 582, 542 A.2d 95, 98–99 (1988).

■ ¶ 7 On the basis of the foregoing, we hold that it is the responsibility of defense counsel to advise a defendant of court proceedings requiring the defendant's presence. Where defense counsel has actual notice of a proceeding and fails to so inform his or her client, the onus and consequences of such failure fall upon the defendant. The defendant's failure to appear at the court proceeding, therefore, renders the defendant unavailable during the entire period between the date of the proceeding and the defendant's subsequent apprehension by police.

¶ 8 In the case *sub judice,* we determine that notice to Appellee's counsel constituted proper notification to Appellee of the date of his arraignment. As such, Appellee's failure to appear at the arraignment on April 25, 2003, rendered him unavailable for trial. Therefore, the period between April 25, 2003, and June 21, 2004, constitutes excludable time for purposes of determining the time within which the Commonwealth was required to commence Appellee's trial under Rule 600. Thus, we conclude that the trial court erred in holding that the Commonwealth's failure to try Appellee during this period was not attributable to Appellee's unavailability. When the period of Appellee's unavailability, coupled with the continuances occasioned by the requests of Appellee's counsel subsequent to Appellee's apprehension, is excluded from the calculation of the 365–day period within which the Commonwealth had to bring Appellee to trial, it is clear that the scheduling of Appellee's trial for April 4, 2005, fell within the 365–day period.

¶ 9 Accordingly, based on the above, we reverse the order granting Appellee's motion to dismiss and remand for further proceedings consistent with this opinion.

¶ 10 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 11 HUDOCK, STEVENS, MUSMANNO, KLEIN and PANELLA, JJ. join in majority opinion.

¶ 12 JOYCE, J. files a concurring opinion in which STEVENS, KLEIN and PANELLA, JJ. join.

¶ 13 FORD ELLIOTT, P.J. files a concurring statement in which MUSMANNO and PANELLA, JJ. join.

¶ 14 BENDER, J. files a dissenting opinion.

CONCURRING OPINION BY JOYCE, J.

¶ 1 I agree with the Majority's decision to reverse the order of the Court of Common Pleas dismissing Appellee's case on Pa.R.Crim.P. 600 grounds. I write separately to respond to the dissenting opinion, and note several other factors contributing to this jurist's determination.

¶ 2 As noted by both the Majority and the Dissent, *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978) is instrumental in resolving this appeal. There, our Supreme Court stated,

Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice. To focus solely upon the conduct of the Commonwealth not only ignores the defendant's dereliction of an obligation, but also places him in the position of possibly benefitting from his own wrongdoing. Where the delay results from the Defendant's willful failure to appear at the

appointed time it is obviously not the type of harm envisioned in the protections sought to be afforded by the speedy trial guarantee. To the contrary, the delay is directly attributable to the fact that he was in a bail status, and not in custody, and that he deliberately abused that prerogative.

*Cohen,* 392 A.2d at 1330. A defendant will be deemed unavailable if he is on bail and fails to appear at a scheduled court proceeding "of which he has been properly notified." *Id.* at 1331. Hence the question becomes "what is reasonable and/or proper notice?"

¶ 3 The dissenting opinion answers this question by referring to the local rule of Westmoreland County.[3] Specifically, WC 542 states that it is the district justice's duty to set the arraignment date, notify the defendant and defense counsel of that date, and require the defendant to sign an arraignment form verifying his awareness of the arraignment and the obligation to appear. Of course, this is an iron clad method of resolving issues as the one *sub judice,* as actual notice is rarely debatable. Clearly, this local rule was not complied with, and actual notice was not provided to Appellee himself. However, the issue does not end there.

¶ 4 Our courts have regularly upheld the concept of constructive notice in a variety of areas of the law. *See e.g. Commonwealth v. Edwards,* 588 Pa. 151, 903 A.2d 1139 (2006) (holding that appellant had constructive notice of the Commonwealth's notice of aggravating circumstances even though the language contained in the notice did not conform to the statutory language and did not cite to the correct subsection of the statute relating to multiple deaths). Indeed, "it is unimportant in it-

self whether the notice takes the form of personal service, general publication, oral notification, regular or certified mail. Any notice, regardless of form, may satisfy due process of law" so long as the notice is "of such nature as reasonably to convey required information, and it must afford reasonable time for those interested to make their appearance." *Commonwealth v. Cornish,* 311 Pa.Super. 72, 457 A.2d 118, 121 (1983) citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *See e.g. Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111, 1116 (1998) (oral notice to defense counsel of continuation of trial is sufficient notice to defendant).

¶ 5 Applying the above standard, the notice provided to Appellee's attorney is of such a nature that it is reasonable that the information would have been conveyed to Appellee. It should be noted that the actions of counsel are imputed to a client relative to this issue. *Commonwealth v. Snyder,* 373 Pa.Super. 582, 542 A.2d 95, 98–99 (1988). Moreover, it is certainly reasonable that counsel, who waived Appellee's preliminary hearing without him being present, and who represented Appellee on other cases during the same timeframe, would communicate the arraignment date to his client. Had this information been conveyed promptly, Appellee would have had six weeks from his preliminary hearing date until his arraignment to make his appearance. *See* WC 542(b)(1) ("The district justice shall set the next scheduled court arraignment date which falls no sooner than the sixth Monday following the preliminary hearing or waiver of the same as the date for court arraignment."). These facts establish that it is reasonable that counsel would commu-

---

3. The Westmoreland County rules referred to in this Concurring opinion were revised effective September 18, 2006. This concurring opinion cites the rules that were in effect at the time relevant to Appellee's proceedings.

nicate the arraignment date to Appellee with plenty of time for him to make his appearance thereby meeting the test enunciated in Cornish. Thus, while Appellant did not receive actual notice of his arraignment, he did receive constructive notice. Under this reasoning, I would find that the notice to Appellant was reasonable and/or proper, and that the time was excludable against him per Pa.R.Crim.P. 600.

¶ 6 I add that the Majority's decision not only comports with the obligations of one released on bail, but also with the purpose and spirit of Rule 600, which is a follows.

> When considering the trial court's ruling, an appellate court may not ignore the dual purpose behind Rule 600. The Rule serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society.
>
> In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Murray,* 879 A.2d 309, 312–313 (Pa.Super.2005) (citations omitted). So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. *Commonwealth v. Hunt,* 858 A.2d 1234, 1239 (Pa.Super.2004). A primary purpose of Rule [600] is to prevent prejudice to the appellant in the preparation of his defense. *Commonwealth v. De-Marco,* 332 Pa.Super. 315, 481 A.2d 632, 637 (1984).

¶ 7 Presently, Appellee was obviously aware that he was facing criminal charges for burglary and related offenses since he retained an attorney. That Appellee could just then ignore, evade or otherwise disregard the criminal action against him by failing to keep abreast of his proceeding via counsel should not result in a windfall to him. While it appears that Appellee was not present at the preliminary hearing because he was in a rehabilitation center, it should be noted that Appellee had other charges pending against him in Allegheny County; thus, he was not a novice to the legal system and certainly was aware that he had to face the charges against him. Most importantly, his counsel, who waived the preliminary hearing on Appellee's behalf did, in fact, receive notice of the arraignment. Counsel's lack of diligence in advising Appellee of the arraignment combined with Appellee's complete apathy or utter disdain for the system was the cause of the delay and, therefore is directly attributable to Appellee. The Commonwealth cannot be held accountable.[4] Moreover, society, and particularly the victims in this case, should not pay the price when the one who committed crimes willfully evades the system. Such willfulness is eminently displayed when one knows that he has criminal charges pending, yet shirks the system and his responsibilities

---

4. "Where the defendant is on bail and has notice of his obligation to appear and fails to do so, a concept of due diligence in apprehending the fugitive is misplaced in a speedy trial analysis. To rule otherwise would permit a defendant who intentionally absented himself from a scheduled court hearing to have the charges against him dismissed if the Commonwealth's efforts to locate him did not measure up to a court's standard of due diligence. Such a result is obviously absurd." *Commonwealth v. Cohen,* 392 at 1331.

under the guise of ignorance, ultimately releasing him from any punishment whatsoever.

¶ 8 For the foregoing reasons, I join the Majority's opinion reversing the order of the Court of Common Pleas of Westmoreland County.

### CONCURRING STATEMENT BY FORD ELLIOTT, P.J.:

¶ 1 I concur in the result reached by the majority. I agree that the delay occasioned by counsel's failure to inform the defendant of the arraignment date resulting in the defendant's failure to appear is excludable time for purposes of Pa. R.Crim.P. 600. Under the rule, the actions of a defendant and/or his attorney can result in excludable time. However, I cannot agree with the majority's broader holding on page 5 to the effect that "where defense counsel has actual notice of a proceeding and fails to so inform his or her client, the onus and consequences of such failure fall upon the defendant." I believe such a determination must rest on the facts of any given case.

### DISSENTING OPINION BY BENDER, J.:

¶ 1 I must respectfully dissent, as I conclude that the trial court did not abuse its discretion in its application of Pa. R.Crim.P. 600. I agree with the Majority that a "defendant on bail who fails to appear at a court proceeding, *of which he has been properly notified,* is deemed unavailable from the time of that proceeding until he is subsequently apprehended ·or

until he voluntarily surrenders himself." Majority Opinion at 260 (citing *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327, 1331 (1978)) (emphasis added). However, the *Cohen* Court emphasized that a defendant who is out on bail will be charged with appearing at a scheduled court proceeding of which he had received "reasonable notice[,]" and that where the delay in bringing him to trial results from his *"willful* failure to appear at the appointed time[,]" exclusion of time for Rule 600 purposes is not warranted. *Cohen,* 392 A.2d at 1330 (emphasis added). Indeed, the *Cohen* Court indicated that only where "the accused is aware of his obligation to appear and fails to do so, he may legitimately be held accountable for any resultant delay." *Id.* at 1331. Thus, I depart from the Majority's opinion because the trial court found, as a matter of fact and with support in the record, that Appellee was not properly notified of his scheduled arraignment. However, I also depart from the Majority's opinion, as it is in direct contravention of plain, unambiguous language in the applicable state and local court rules.

¶ 2 Initially, I disagree with the Majority's sweeping pronouncements of law that (1) "it is the responsibility of defense counsel to advise a defendant of court proceedings requiring the defendant's presence[;]" and (2) "[w]here defense counsel has actual notice of a proceeding and fails to so inform his or her client, the onus and consequences of such failure fall upon the defendant." *Id.* at 261. These appear to be new rules of law [5] created by the Ma-

---

**5.** The Majority's broad propositions of law are also not supported by the cases it cites, *i.e., Commonwealth v. Snyder,* 373 Pa.Super. 582, 542 A.2d 95 (1988); *Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111 (1983); and *Commonwealth v. Cornish,* 311 Pa.Super. 72, 457 A.2d 118 (1983). *See* Ma-

jority Opinion at 5. These cases dealt with situations, unlike that presented here, where the defendant had actual notice of his scheduled arraignment or where the defendant had been deemed properly notified of his trial date that had been postponed by his own attorney. *See Snyder,* 542 A.2d at 97–99

jority upon which it concludes that "notice to Appellee's counsel constituted proper notification to Appellee of the date of his arraignment." *Id.* at 261. The Majority's sweeping proclamations and its resultant holding are in sharp conflict with the plain language of the following local and state rules of criminal procedure.

¶ 3 First, the Westmoreland County local court rules unambiguously mandate that *proper* notification to a defendant of the date of his or her formal arraignment be provided by the court, not by defense counsel. Specifically, the Westmoreland County Rules of Criminal Procedure ("WC"), Rule 541 ("Waiver of Preliminary Hearing"), instructs as follows: "The district justice may accept a Waiver of the Preliminary Hearing in accordance with Pa.R.Crim.P. 541. *The district justice will* schedule the court arraignment in accordance with Westmoreland County Rule of Criminal Procedure WC542(b) *and inform the defendant of the time and place of arraignment.*" WC541 (emphasis added). Accordingly, proper notice to the defendant of the scheduled arraignment is to be provided by the court directly to the defendant. Contrary to the Majority's holding, the onus of notification under

these circumstances is not on defense counsel, it is on the court.

¶ 4 This conclusion is bolstered by consideration of local rule WC542 ("Preliminary Hearings"), which reads in pertinent part:

(b) Scheduling Court Arraignment

· · ·

(2) The *magisterial district judge shall:*

A. advise the defendant *and* counsel of the time, date, and place of arraignment, and that failure to appear at arraignment may result in the defendant's arrest and forfeiture of bond;

B. complete a court arraignment form;

C. *require the defendant to sign the court arraignment form indicating that the defendant is aware of the time and place of arraignment* and the obligation to appear; and

D. provide the defendant with a copy of the court arraignment form, retain a copy; and forward the original with the official record to the clerk of courts as required by Pa.R.Crim.P. 547.

(holding time not excludable for Rule 600 purposes where defendant, who had appeared before the district justice, waived his right to a preliminary hearing, and received written notice of his scheduled arraignment, was found by the trial court to have intentionally and willfully failed to appear at the scheduled arraignment); *Derrick,* 469 A.2d at 1116 (holding that where the defendant had notice of trial initially scheduled, as evidenced by notices containing his signature, and where defense counsel later requested a continuance and trial was rescheduled, defendant held to have been sufficiently notified of rescheduled date based on oral notice of new date given to his attorney); *Cornish,* 457 A.2d at 121 (holding that defendant had notice of preliminary hearing upon service of bail certificate, under circumstances where the defendant *conceded that he had received* the notice, but was chal-

lenging the *form* of the notice). *Derrick* is not analogous to the instant case, but the holdings in *Snyder* and *Cornish* comport with the *Cohen* Court's mandate that a defendant must be properly notified of his or her formal arraignment date. Accordingly, these cases do not support the Majority's newly pronounced, sweeping rules of law, which have the effect of placing the onus of notification on defense counsel in practically every conceivable instance. In fact, all of these cases deal with situations where the defendants were found to have had actual notice of the scheduled court proceeding at issue. Here, the trial court found as a matter of fact that Appellee did not have proper notice, likely based on its credibility determination that defense counsel did not notify Appellee of his scheduled arraignment.

WC542(b)(2) (emphasis added). Again the Majority's blanket holding that defense counsel must inform his or her client of court dates requiring the defendant to appear is in sharp contrast with the plain language of the above rule, which requires (1) the court to advise the defendant *and* (not "or") counsel of the scheduled arraignment; and (2) the defendant (not just counsel) to sign the court arraignment form to ensure that the defendant (not just counsel) is aware of the scheduled arraignment. The Majority's holding cannot be reconciled with the plain language of the above-quoted local rules.

¶ 5 Additionally, Pa.R.Crim.P. 541 reads as follows:

**Rule 541. Waiver of Preliminary Hearing**

(A) The defendant who is represented by counsel may waive the preliminary hearing at the preliminary arraignment or at any time thereafter.

(B) The defendant who is not represented by counsel at the preliminary arraignment may not at that time waive the preliminary hearing.

(C) If the defendant waives the preliminary hearing and consents to be bound over to court, the defendant *and* defense attorney, if any, shall certify in writing that the issuing authority told the defendant of the right to have a preliminary hearing; and that the defendant voluntarily waives the hearing and consents to be bound over to court.

Pa.R.Crim.P. 541 (emphasis added). Although the local rules provide more detail with regard to notification to a defendant of his or her formal arraignment date, Pa.R.Crim.P. 541, while permitting waiver of a preliminary hearing, requires the presence of the defendant to do so or, in the absence of the defendant, a written waiver signed by the defendant to do so. In other words, like the local rules, subsection (C) requires the written certification of the defendant *and* the defense attorney, if any. Subsection (C) does not state the certification can be signed by the defendant *or* the defense attorney. Thus, the position taken by the Majority and the Commonwealth, *i.e.,* "when the Defendant's attorney signed the written notice of the arraignment, the Defendant must be found to be on notice of the hearing[,]" *see* Commonwealth's brief at 9, is untenable under the plain language of the applicable rules and contrary to case law, *see, e.g., Cohen,* 392 A.2d at 1330–31.

¶ 6 Indeed, Appellee's counsel, Kevin Zinski, Esq., waived Appellee's preliminary hearing and signed the notice of arraignment. However, Pa.R.Crim.P. 541(C) and local rule WC542(b)(2)(C) clearly do not permit such a procedure. Rather, these rules require a defendant's signature on the waiver form, so that he or she cannot later claim that he or she was unaware of the next step in the procedure, *i.e.,* the formal arraignment.

¶ 7 The content of the form used for the written waiver of a preliminary hearing supports my interpretation of Pa. R.Crim.P. 541 and the local rules. For example, the language of the waiver form is written in the first-person, *e.g.,* "I, the undersigned, certify that I waive my right to a preliminary hearing . . . [,]" "I understand that I have a right . . . to . . . . be represented by counsel . . . [,]" etc. Following the enumeration of various rights, the form provides two signature lines—one for the defendant and one for his or her attorney. In the instant case, as the Majority recognizes, the waiver form is signed only by Attorney Ziniski. The signature line provided for the defendant is blank. A separate "Official Court Arraignment Form" was also signed only by Attorney Ziniski in the space provided for the defendant's signature. These forms appear to

comport with the state and local court rules to ensure that the defendant is informed of his or her scheduled formal arraignment, and such rules were not followed in the instant case. A defendant's attorney's signature only, in the absence of the defendant's own signature, is inadequate for purposes of "proper notice."

¶ 8 Moreover, the position taken by the Majority is untenable for practical reasons. In many instances, prior to the time of a preliminary hearing, an attorney has not entered his appearance and has no further obligations until he does so at the formal arraignment. *See* Pa.R.Crim.P. 571.[6] Often, attorneys charge separately for their services at a preliminary hearing and if the case is bound over, and if the defendant and the attorney can reach agreement as to fees, the attorney then enters his or her appearance at the arraignment. *See, e.g.,* WC Rule 120(a) (providing that an entry of appearance may be filed on a Waiver of Arraignment form). The Majority's interpretation of Pa.R.Crim.P. 541 and the above-noted local rules imposes obligations on defense attorneys that are not workable given the practicalities of a criminal case.

¶ 9 Based on the facts of the present case, especially the trial court's express finding that Appellee did not receive proper notice of his scheduled arraignment, I respectfully dissent from the Majority's opinion. Accordingly, I would have proceeded to further examine the Rule 600 issue, and would have also concluded that the trial court did not abuse its discretion by not counting the relevant period of time against Appellee for Rule 600 purposes.

---

6. Even Pa.R.Crim.P. 571(D)(2) requires that, in order to waive appearance at arraignment, *both* counsel and the defendant must sign the waiver, thereby ensuring that the defendant understands certain rights and procedures.