J-S15028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
PENNSYLVANIA

                v.

KEELAN MAURICE LYONS

          Appellant   :   No. 1118 WDA 2018

Appeal from the Judgment of Sentence Entered June 12, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010143-2017

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:             **FILED JUNE 21, 2019**

Appellant, Keelan Maurice Lyons, appeals from the judgment of

sentence entered on June 12, 2018, following his conviction at a bench trial

of one count each of theft by unlawful taking and simple assault.[1]  We affirm.

The trial court summarized the facts of the crimes as follows:

> On May 13, 2017, Ms. Darnaya Johnson [also referred to as
> "the victim"] was at her home located [on] North Negley Avenue
> in the City of Pittsburgh. (T.T. 5).  Appellant was visiting at her
> home when an argument between the two erupted and Ms.
> Johnson requested Appellant leave her apartment.  Appellant
> refused to leave and another argument ensued over Appellant's
> use of Ms. Johnson's cell phone charger. (T.T. 6).  During this
> argument, Appellant pushed Ms. Johnson to the ground causing
> bruising to her knee and arm. (T.T. 7-8, 10).

_____

[1]  18 Pa.C.S. §§ 3921(a) and 2701(a)(1), respectively.  Appellant also was
found not guilty of robbery and terroristic threats.

_____
*  Retired Senior Judge assigned to the Superior Court.

Ms. Johnson repeatedly asked Appellant to leave and informed Appellant that she was going to call the police. (T.T. 8). Appellant then went to the [sic] Ms. Johnson's bedroom and took her cell phone. (T.T. 9). Ms. Johnson requested that Appellant give her phone back, but Appellant refused and kept pushing and threatening to hit her.[2] (T.T. 9, 16). Appellant left the residence with Ms. Johnson's phone and charger. (T.T. 9-11). Thereafter, police were summoned[,] and Appellant was eventually apprehended and charged as noted hereinabove. (T.T. 19-20). Ms. Johnson was treated at the hospital that same day for her injuries. (T.T. 12). None of the items, i.e. phone, phone case, or charger were recovered. Ms. Johnson replaced those items at a cost of $240.00. (T.T. 11).

Trial Court Opinion, 11/29/18, at 3–4 (footnote omitted).

The trial court summarized the procedural history as follows:

On June 6, 2018, Appellant proceeded to a non-jury trial, at the conclusion of which he was found guilty of theft by unlawful taking and simple assault. Appellant was found not guilty at the remaining counts.

[On June 12, 2018], Appellant was sentenced by the Trial Court to the following:

Count two: theft by unlawful taking–eighteen months probation; and

Count four: simple assault–eighteen months probation to be served concurrently to the period of probation imposed at count two.

On June 20, 2018, Appellant filed post sentence motions.

The Trial Court denied Appellant's post sentence motions on July 9, 2018.

---

2 The victim testified that Appellant kept threatening, "I will smack the f— out of you." N.T., 6/6/18, at 8, 16.

Trial Court Opinion, 11/29/18, at 2–3. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal:

I. Whether the trial court abused its discretion in not granting [Appellant] a new trial when the verdicts of guilty for theft and simple assault were against the weight of the evidence based on the eyewitness identification?

Appellant's Brief at 5.

We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Rayner*, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

*Commonwealth v. Cash*, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court

determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" ***Commonwealth v. Ferguson***, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted) (emphasis added).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***Commonwealth v. Akrie***, 159 A.3d 982, 989 (Pa. Super. 2017). Appellant preserved his challenge by raising the issue in a post-sentence motion and including the issue in his Pa.R.A.P. 1925(b) statement.

In denying Appellant's request for a new trial based on the weight of the evidence, the trial court stated as follows:

> Here, the [t]rial [c]ourt, as the finder of fact, heard testimony from the victim, Ms. Johnson, as well as from Officer [Phillip] Szalla who observed Ms. Johnson's injuries. Appellant also testified and denied being at Ms. Johnson's residence. The Trial Court carefully considered the testimony and evidence presented. Ms. Johnson and Appellant were known to each other, having gone to school together and being involved in a casual relationship of some sort at the time of the incident. While Appellant maintained that he was not present during the incident nor the perpetrator of these crimes, identification was never contested at trial except for Appellant's complete denial of being present.
>
> Appellant was a person intimately known to Ms. Johnson, and she clearly had the opportunity to observe the perpetrator and never wavered or equivocated in that identification. *Commonwealth v. Derrick*, 469 A.2d 1111, 1121 (Pa. Super. 1983) (holding victim's trial identification of Defendant as perpetrator was proper as the victim had ample opportunity to observe the perpetrator during the crime, the attack occurred near a street light, and the victim recognized the perpetrator as a person he knew from the neighborhood); *see also Commonwealth*

*v. Bradford*, 451 A.2d 1035, 1037 (Pa. Super. 1982). The [t]rial [c]ourt rejected Appellant's denial of being present and responsible. As such, the identification issue as presently framed by Appellant merits no further consideration of this Court.

The [t]rial [c]ourt found beyond a reasonable doubt that Appellant unlawfully took the cell phone and charger of the victim and assaulted her in the process. As such, based on the evidence presented at trial, the Trial Court did not err, as alleged by Appellant, or abuse its discretion when it denied the motion for new trial as the verdict was clearly not against the weight of the evidence.

Trial Court Opinion, 11/29/18, at 5–7. Thus, the trial court emphasized that the verdict was not against the weight of the evidence, asserting that after hearing testimony from both the victim and Appellant, as well as a police witness, it rejected Appellant's denial of responsibility.

Appellant contests the validity of the victim's claim that she and Appellant were acquainted, and with it, her identification of him; however, as illustrated by Appellant's own trial testimony, he did not expressly deny that he knew the victim nor whether he ever was present at her apartment:

Q. And how do you know [the victim].

A. **I'm not really sure**. I think [the victim] just said we went to school together.

\* \* \*

Q. And do you recall being at her residence on May 13th of 2017?

A. No, I don't.

Q. Had you been to her residence at any time that you recall?

A. **I don't recall**.

N.T., 6/6/18, at 22–23 (emphases added). The victim, conversely, testified that she knew Appellant from school, that he was at her apartment the day of the incident and the day prior, and she described his tattoos on his neck and chest, as confirmed by Pittsburgh Police Officer Szalla. *Id.* at 14, 17, 20. Moreover, even if Appellant actually had denied knowing the victim previously, it is well settled that when reviewing a weight claim, an appellate court must keep in mind that "[a]ssessing the credibility of witnesses is within the sole discretion of the fact-finder." *Commonwealth v. Blakeney*, 946 A.2d 645, 653 (Pa. 2008).

Here, the trial court rejected the weight-of-the-evidence claim, concluding that the Commonwealth's evidence was credible and supported the conclusion that Appellant took the victim's cellular telephone and charger, and in the process, pushed the victim to the ground causing injury. Trial Court Opinion, 11/29/18, at 6; *see Commonwealth v. King*, 959 A.2d 405 (Pa. Super. 2008) (citing *Commonwealth v. Williams*, 854 A.2d 440, 445 (Pa. 2004) ("In criminal proceedings, the credibility of witnesses and weight of the evidence are determinations that lie solely with the trier of fact.")). The trial court's determination that the victim's testimony was credible was not an abuse of discretion, and the verdict does not shock one's sense of justice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/21/2019</u>